522 A.2d 115

Helen Thomas, Petitioner *v.* Workmen's Compensation Appeal Board (Winzek Catering Service), Respondents.

Argued October 6, 1986, before Judges Craig and Palladino, and Senior Judge Kalish, sitting as a panel of three.

*Thomas P. Geer,* for petitioner.

*Michael E. Relich, Fried, Kane, Walters & Zuschlag,* for respondent, Winzek Catering Service.

Opinion by Senior Judge Kalish, March 5, 1987:

Helen Thomas petitions for review of a decision of the Workmen's Compensation Appeal Board (Board) affirming with a modification a referee's decision which granted the modification petition of Winzek Catering Service.

Thomas sustained a work-related injury on October 16, 1980, while working as a cook for Winzek Catering Service. She received total disability compensation pursuant to a notice of compensation agreement. On No-

vember 23, 1982, Winzek filed a modification petition, pursuant to section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §772, alleging that Thomas' disability was no longer total, and that jobs were available which she was capable of performing.

The referee credited the testimony of an orthopedic surgeon, Dr. Holland, and a family specialist, Dr. Lee. Both physicians testified that Thomas is capable of performing light work, with various restrictions. The referee also credited the testimony of Christina Strom, a vocational rehabilitation expert. Strom testified that the job of homebound telephone solicitor was made available to Thomas, but Thomas declined the interview. Thus, the referee granted Winzek's modification petition, and reduced compensation from total to partial disability as of November 23, 1982, the date Winzek filed its petition.

The Board affirmed the referee's decision to modify compensation from total disability to partial disability. However, the Board changed the date of the modification from November 23, 1982 to March 24, 1982, having determined that the referee capriciously disregarded evidence in the record showing that the job was made available to Thomas on the latter date.

Thomas contends that there was not substantial evidence to support the referee's finding that work was available since the job of homebound telephone solicitor was compensated on a commission basis, and therefore had no wage or salary. She further argues that the Board erred in modifying the referee's decision as to the date on which her disability had decreased.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704

of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

When an employer seeks to modify a compensation agreement by asserting that a claimant's disability is no longer total, the employer has the burden of proving that the disability has been reduced and that work is available which is within the claimant's capabilities. *McCrory Stores v. Workmen's Compensation Appeal Board,* 80 Pa. Commonwealth Ct. 76, 470 A.2d 1124 (1984).

The work proposed must be actually available to the claimant. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 91 Pa. Commonwealth Ct. 543, 498 A.2d 36 (1985) (allocatur granted 510 Pa. 279, 507 A.2d 386 (1986)). A position may be found to be actually available if it can be performed by the claimant, considering the claimant's physical restrictions, age, intellectual capacity, education, previous work experience, and other relevant considerations. *Id.* Moreover, since workmen's compensation cases define disability in terms of a loss of earning power, the employer must prove the availability of remunerative employment for which the claimant is qualified. *Altemose Co. (Sheraton) v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 511, 432 A.2d 267 (1981).

A review of the record reveals that the vocational rehabilitative expert considered claimant's physical limitations, medical records, industrial background, prior work experience, educational background, and mental outlook. The expert testified that she located a position for the claimant as a homebound telephone solicitor for Red White and Blue Thrift Stores. The claimant's physician indicated that he believed that

claimant was physically capable of performing the duties of that position.

The vocational expert further testified that the job of homebound telephone solicitor involved working four hours a day, five days a week, and that the average employee earns $65.00 to $70.00 a week. Thus, the employer met its burden of proving work availability. Accordingly, we will affirm that portion of the Board's order which affirmed the referee's decision to modify the claimant's disability from total to partial.

Regarding the issue as to when work became available to the claimant, the Board correctly stated that modification should take effect as of the date the claimant's disability decreased. However, the Board, in modifying the date the claimant's disability changed from total to partial, raised an issue not properly before it. The employer had asserted before the referee that the date for modification of disability was November 23, 1982. The employer did not question that date, but mentioned it for the first time in its brief to the Board. Accordingly, we will reverse that portion of the Board's order which changed the date of modification from November 23, 1982 to March 24, 1982. Any modification order shall reflect credit for past compensation paid in excess of the partial disability rate awarded.

### ORDER

NOW, March 5, 1987, that portion of the order of the Workmen's Compensation Appeal Board, No. A-86897, dated August 2, 1984, which affirms the referee's decision to modify Helen Thomas' compensation from total disability to partial disability, is affirmed. That portion of the Board's order which modifies the date of modification is reversed. Any modification order shall reflect credit for past compensation paid in excess of the partial disability rate awarded.

DISSENTING OPINION BY JUDGE CRAIG:

This court should vacate the Workmen's Compensation Appeal Board's decision granting the modification petition of the employer, Windsor [sic] Catering Service, to the extent that the board affirmed the referee's finding that work was available to Claimant Helen Thomas at which she could earn $65 per week. The case should be remanded for findings relating to the determination of work availability, particularly as it pertains to the job of homebound telephone solicitor.

The employer's vocational rehabilitation representative testified that she notified the claimant on March 24, 1982, that she had located a position for her as a home-bound telephone solicitor for Red White and Blue Thrift Stores. The claimant's physician indicated that he believed that the claimant was physically capable of performing the duties of that position, which could be performed entirely at her home. She would receive a list of contacts daily from the thrift store and would be responsible for telephoning residents in the Pittsburgh area to arrange for pickup of used clothing and furniture. The salary would be determined by the number of pickups arranged at $1.00 per actual pickup. The representative testified that the average employee earned $65-to-$70 per week, but some employees earned up to $150 per week.

A position may be found to be actually available only if it can be performed by the claimant. In *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 91 Pa. Commonwealth Ct. 543, 546, 498 A.2d 36, 38-39 (1985), we stated that:

> A position may be found to be actually available or within the claimant's reach, only if it can be performed by the claimant, having regard to his physical restrictions and limitations, his age, his intellectual capacity, his education, his previous

work experience, and other relevant considerations. . . .

Here, the findings do not indicate whether the referee considered any factors other than the claimant's physical restrictions and limitations.

Although substantial evidence supports the referee's determination that the claimant was physically able to perform the duties of a home-bound telephone solicitor, there are other considerations relating to the claimant's ability to work as a telephone solicitor which the findings do not address.

The record indicates that the vocational rehabilitation representative testified that, although she believed that the claimant was able to communicate well on the telephone, she could not state whether the claimant had a particular aptitude for working as a telephone solicitor. Additionally, the representative stated that her estimate of expected income was based on the performance of other employees and did not include those who had unsuccessfully undertaken the position. Moreover, the referee failed to indicate whether he considered the added telephone expense, if any, which the claimant could incur. The vocational rehabilitation representative testified that the claimant stated that she would not be able to use her home telephone four hours daily because her husband used it for his contracting business.

In *Community Medical Center v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 566, 569 n. 1, 408 A.2d 592, 594 n. 1 (1979), this court affirmed the board's determination that a home-bound telephone solicitor position, which also paid on a strictly commission basis, was not suitable work because the vocational specialist could not specify what remuneration could be expected to be earned by a person who was not experienced in telephone solicitation work. There, as here, the vocational rehabilitation specialist

also admitted that an experienced telephone solicitor would be more successful than an inexperienced solicitor who might be totally unsuccessful.

The Pennsylvania Workmen's Compensation Act is intended to benefit the worker and must be construed to effectuate its humanitarian objectives. *Krawchuk v. Philadelphia Electric Co.*, 497 Pa. 115, 439 A.2d 627 (1981). Because jobs which pay solely on a commission basis are inherently risky, findings must make clear the factors which contribute to a determination that work is available within the claimant's capabilities and that a specific net amount can be earned as commission. Here, the findings do not indicate the basis for the referee's determination that the claimant could earn—which apparently means clear—$65 per week as commission.

Accordingly, the board's order should be vacated to the extent that it affirmed the referee's finding that work was available to the claimant at which she could earn $65 per week. This case should be remanded for the development of findings to indicate the factors contributing to the determination of work availability, including a substantiation of the claimant's net earning capacity as a commission-paid employee in the telephone solicitor position, taking into consideration any possible expenses—such as telephone costs—to be deducted.

As to the majority's disposition of the board's order changing the effective date of modification, there can be no disagreement.