601 A.2d 1341

**Stephen YEZOVICH, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (USX CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 23, 1991.

Decided Jan. 8, 1992.

602

John W. McTiernan, for petitioner.

Martha Conley, for respondent.

Before CRAIG, President Judge, SMITH, J., and SILVESTRI, Senior Judge.

SMITH, Judge.

Stephen Yezovich (Claimant) seeks review of the order of the Workmen's Compensation Appeal Board (Board) affirming the referee's decision granting USX Corporation's (Employer) petition for termination which was treated as a petition for modification under The Pennsylvania Workmen's Compensation Act (Act).[1] For the reasons stated below, the Board's order is affirmed.

Claimant sustained a work-related injury to his right wrist on January 4, 1981 and was thereafter paid worker's compensation pursuant to an agreement dated April 3, 1981. On February 23, 1987, Employer filed a petition for termination of Claimant's benefits effective November 24, 1986,

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

alleging that suitable work was available which Claimant was physically capable of performing. On March 8, 1988, the referee granted Employer's petition. On appeal, the Board reversed and remanded the case for a new decision with more specific findings regarding, among other things, job availability. On remand, the referee specifically found that Claimant had work available to him which he failed to pursue in good faith and that Employer sustained its burden of proving that work was available to Claimant. Accordingly, the referee granted a modification of benefits which the Board affirmed in an opinion and order dated October 16, 1990.

■ Issues raised for this Court's review are whether the referee is required to issue a formal ruling on hearsay objections; whether the referee erred in concluding that Claimant failed to make a good faith effort in pursuit of job opportunities to which he was referred by Employer; and whether the referee erred by amending *sua sponte* the effective date of relief requested by Employer's petition. This Court's scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether there has been a constitutional violation. *Brown v. Workmen's Compensation Appeal Board (Borough of New Eagle)*, 137 Pa.Commonwealth Ct. 575, 587 A.2d 34 (1991).

Claimant received treatment for his work injury from Dr. Donald F. O'Malley, an orthopedic surgeon. Dr. O'Malley thereafter signed a return to work evaluation in which he indicated that Claimant could do heavy work, the only restrictions being against the use of a heavy air hammer and overhead lifting. Dr. O'Malley testified by deposition that Claimant suffered from a permanent disability of the arm of approximately twenty percent. However, he approved approximately twenty-two jobs which were within Claimant's physical capability.

Deposition was also taken of occupational resource specialist Susan Hardt who testified that Claimant had been

referred to over forty different job openings with various employers. Ms. Hardt testified at length as to ten jobs which Claimant was made aware of between May 19, 1986 and March 9, 1987. During Ms. Hardt's testimony, Claimant's counsel made a number of hearsay objections to statements or observations related by prospective employers to Ms. Hardt. Claimant testified before the referee that he cooperated with Ms. Hardt in trying to find a job within his limitations and that he applied for each job immediately upon notification and followed up for every job that was brought to his attention by Ms. Hardt.

■ Claimant first contends that the referee erred in failing to rule on Claimant's objections to hearsay testimony in the record, citing the Special Rules of Administrative Practice and Procedure before referees, 34 Pa.Code § 131.-45. In reviewing Section 131.45, now repealed, it is clear that the requirement that a referee rule upon all objections made during the taking of a deposition was specifically excluded from the text. *See* 11 Pa. Bulletin 4015 (1981). Furthermore, 34 Pa.Code § 131.66(b) provides that "[o]nly objections which are identified in a separate writing, introduced prior to the close of the record, stating the specific nature of the objections and the pages where they appear in the deposition will be preserved for ruling. Objections not so preserved will be waived." It does not appear from the record that Claimant's objections to Ms. Hardt's testimony were identified in a separate writing as specified by Section 131.66(b). Therefore, the referee's failure to rule on Claimant's objections was not reversible error.[2]

2. In this regard, the referee's response to Claimant's objections made on the record demonstrates his application of hearsay rules of evidence in this case. He stated:

In that case, it could be admitted insofar as it's supportive of her testimony or corroborative. Hearsay is admissible in a workmen's compensation case for that purpose, but it has to be corroborative or bolstering the other evidence on the record. It can't be pure hearsay as a basis, so I can admit it for that purpose.

November 10, 1987 Hearing, N.T., p. 5.

██ Claimant next contends that the referee's decision relied on the hearsay statements of Ms. Hardt, thus not rising to the level of competent substantial evidence. Claimant cites *Unemployment Compensation Board of Review v. Ceja,* 493 Pa. 588, 427 A.2d 631 (1981), for the proposition that hearsay evidence in administrative proceedings may be admissible where the facts indicate that the hearsay evidence was reliable. Claimant argues that Ms. Hardt's hearsay testimony was unreliable and therefore inadmissible. Clearly not all of Ms. Hardt's testimony is hearsay.

Specifically, Ms. Hardt testified as to her own observations with respect to Claimant's follow-up on job opportunities: she had difficulty in reaching Claimant by telephone during the day though he was not working; Claimant often delayed responding by several days to Ms. Hardt's calls and subsequent certified mail follow-up; Ms. Hardt personally sat down with prospective employers while they went through their applications after Claimant indicated to Ms. Hardt that he had applied, and in three cases the employers were unable to locate Claimant's application among those on file; and she personally observed his attitude, appearance, and lack of motivation with respect to prospective employment. *See Cleland Simpson Co. v. Workmen's Compensation Appeal Board (Decker & Moosic Borough),* 128 Pa.Commonwealth Ct. 62, 562 A.2d 981 (1989) (where witness testified as to what she observed and was present for cross-examination, the testimony was not hearsay and this Court would not disturb the referee's findings). The indicia of reliability in Ms. Hardt's testimony, coupled with the referee's specific finding that he did not consider Claimant a credible witness, compel the determination that substantial and competent evidence exists to support the referee's conclusions.

Claimant next contends that the referee erred in concluding that Claimant failed to make a good faith effort in pursuit of the job opportunities to which he was referred. The Pennsylvania Supreme Court in *Kachinski v. Work-*

*men's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 532 A.2d 374 (1987), set forth the following procedure governing the modification of benefits when the injured employee is able to return to work:

1.  The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2.  The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.,* light work, sedentary work, etc.

3.  The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4.  If the referral fails to result in a job then claimant's benefits should continue.

*Id.,* 516 Pa. at 252, 532 A.2d at 380. There is no dispute in the present case that Employer has satisfied its burden of producing medical evidence of a change in Claimant's condition.

Claimant submits that Employer's rehabilitation efforts were a mere attempt to avoid compensation liability because many of the referred positions were completely unrelated to any of Claimant's interests or aptitudes. Claimant's contention is simply not supported by the decision in *Kachinski.* "The rationale behind *Kachinski* was to ensure that the job referrals were real, in other words, available, and that the person was capable of performing those functions." *Hendry v. Workmen's Compensation Appeal Board (Miller & Norford, Inc.),* 133 Pa.Commonwealth Ct. 28, 32, 577 A.2d 933, 935 (1990). Furthermore, "personal feelings about a particular job are irrelevant if . . . a claimant is physically able to perform the job." *State Products Corp. v. Workmen's Compensation Appeal Board,* 61 Pa.Commonwealth Ct. 366, 372, 434 A.2d 207, 210 (1981). It is clear from the referee's findings that Employer referred Claimant to jobs within the category for which he received medical clearance.

Besides fitting within the general occupational category, the jobs to which Claimant was referred were specifically reviewed and approved by Dr. O'Malley, and Claimant presented no evidence to rebut Dr. O'Malley's testimony. Employer has thus satisfied the second prong of the *Kachinski* test.

Once Employer has met its threshold burden, as here, the burden shifts to Claimant to show good faith efforts to follow through on Employer's job referrals. *Kachinski; Roadway Express, Inc. v. Workmen's Compensation Appeal Board (Lewis)*, 113 Pa.Commonwealth Ct. 230, 536 A.2d 870 (1988). Claimant stresses that his good faith effort is reflected by his application and pursuit of the numerous referrals which Employer provided. However, as stated in the referee's findings of fact no. 15, "[a]ll the evidence presented shows that the Claimant had no real interest in obtaining work of any kind." Claimant knew how to complete an application for employment, yet did not properly do so in several instances. As indicated above, Claimant did not file applications in at least three instances when he claimed he did so and often delayed following up Employer's job referrals. Thus, the referee appropriately concluded that Claimant had failed to establish by competent, credible evidence that he made a good faith effort in seeking employment.

Claimant last argues that the action of the referee amending the effective date of Employer's request for modification to June 6, 1986, rather than the November 24, 1986 date which Employer alleged, is erroneous as a matter of law. Claimant relies on this Court's decisions in *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services)*, 133 Pa.Commonwealth Ct. 455, 576 A.2d 1163 (1990) and *Thomas v. Workmen's Compensation Appeal Board (Winzek Catering Service)*, 104 Pa.Commonwealth Ct. 361, 522 A.2d 115 (1987), *vacated and remanded*, 518 Pa. 554, 544 A.2d 958 (1988), in support of his argument that the referee did not have the power to *sua sponte* grant relief that was not requested by Employer. However,

Employer counters that having found as a matter of fact that a security guard job with Pinkerton Inc. became available on June 6, 1986 which Claimant was capable of performing, the referee was constrained to order that Claimant's total disability from his work injury resolved itself into a partial disability as of that date. In *Boehm* the referee's error was to look beyond the pleadings and to grant an unsolicited termination of benefits after the close of hearing thereby effectively denying the claimant an opportunity to prepare for and respond to a termination of benefits. Though vacated on other grounds, *Thomas* may be distinguished in that the Board *sua sponte* modified the effective date of employer's request for modification of disability, thus raising an issue not before it on appeal from the referee's decision.

The Board cited *North Philadelphia Aviation Center v. Workmen's Compensation Appeal Board (Regan)*, 121 Pa.Commonwealth Ct. 633, 551 A.2d 609 (1988), for the proposition that the form of a petition is not determinative where the record warrants the relief granted by the referee. A referee may take appropriate action as indicated by the evidence upon the filing of any petition by either party. *Bell Telephone Co. of Pennsylvania v. Workmen's Compensation Appeal Board (Rothenbach, Jr.)*, 98 Pa.Commonwealth Ct. 332, 511 A.2d 261 (1986). The Board's remand order specifically directed the referee to make a determination as to job availability, thus further underscoring the referee's authority for his decision as well as providing notice to Claimant and an opportunity to respond to the issue of job availability. Claimant was aware that Employer sought to suspend compensation and the reasons therefor; accordingly, Employer need not have amended its petition in order for the referee to make his decision. *See Vinglinsky v. Workmen's Compensation Appeal Board (Penn Installation)*, 139 Pa.Commonwealth Ct. 15, 589 A.2d 291 (1991). Moreover, the referee may grant relief beyond that requested "where the claimant would not have been mislead by the form of the petition, had notice of the

relief sought by employer, and had a full and fair opportunity to contest the basis for the employer's assertions." *Hebden v. Workmen's Compensation Appeal Board (Beth-Energy Mines, Inc.)*, 142 Pa.Commonwealth Ct. 176, 185–186 n. 3, 597 A.2d 182, 186 n. 3 (1991). Such are the circumstances in Claimant's case. Therefore, the referee did not err in granting a modification of benefits as of June 6, 1986 as opposed to the modification date originally requested by Employer.

## ORDER

AND NOW, this 8th day of January, 1992, the order of the Workmen's Compensation Appeal Board dated October 16, 1990 is affirmed.