603 A.2d 672

Robert R. MARDIS, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (MALS-BARY MANUFACTURING CO. c/o Carlisle Corporation and Aetna Life & Casualty Co.), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 11, 1991.

Decided Feb. 5, 1992.

Matthew A. Curiale, for petitioner.

Stewart A. Karn, for respondents.

Before DOYLE and SMITH, JJ., and BLATT, Senior Judge.

SMITH, Judge.

Robert R. Mardis (Claimant) seeks review of the order of the Workmen's Compensation Appeal Board (Board) affirming the referee's decision suspending Claimant's benefits upon consideration of Malsbary Manufacturing Company's (Employer) petition for termination filed under The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031. Issues presented for review are whether the referee improperly amended Employer's petition for termination by granting a suspension instead of a termination of benefits; and whether the referee's finding that Claimant's failure to complete a work hardening program constituted a refusal of reasonable medical treatment was based upon substantial evidence.[1] For the reasons stated below, the Board's order is affirmed.

Claimant sustained a work-related injury on September 24, 1985 in the form of a lumbosacral sprain and was paid total disability benefits beginning September 25, 1985. On June 14, 1988, Claimant was examined at Employer's request by Dr. G. Malcolm Cottington, M.D., a board-certified orthopedic surgeon. Dr. Cottington found no objective evidence of lumbar strain or nerve root impingement and concluded that Claimant had fully recovered from his injuries. However, Dr. Cottington recommended that Claimant, before returning to full duty, should either return only to

1. This Court's scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether there was a violation of constitutional rights. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

medium work for a few weeks or undergo a work hardening program as he had not worked in three years.[2]

Claimant did attend a work hardening program for six days in August of 1988, but discontinued the program due to increased back pain. Dr. Cottington again examined Claimant on September 26, 1988 and found that Claimant's condition had not changed since his June 14, 1988 examination. Employer then filed a petition for termination on October 21, 1988 alleging that Claimant had fully recovered as of September 26, 1988. The petition was later amended to allege recovery as of June 14, 1988.

After Employer presented the deposition testimony of Dr. Cottington, Claimant presented the deposition testimony of Dr. Selim El–Attrache, M.D., who agreed with Dr. Cottington's findings of no neurological deficits but felt that Claimant continued to suffer from soft tissue injuries and opined that Claimant could not return to work as a welder and withstand the strain. The referee specifically found Dr. Cottington more credible than Dr. El–Attrache and concluded that Employer was entitled to a suspension of benefits because Claimant refused to undergo reasonable treatment which would enable him to return to work without restriction.

Claimant first suggests that the referee improperly amended the petition for termination by granting a suspension of benefits. However, Section 413 of the Act, 77 P.S. § 772, allows the referee "to take the appropriate action as indicated by the evidence upon the filing of any petition referenced therein by either party." *Bell Telephone Co. of Pennsylvania v. Workmen's Compensation Appeal Board (Rothenbach)*, 98 Pa.Commonwealth Ct. 332, 335, 511 A.2d 261, 262 (1986). Furthermore, the form of the petition is not determinative where the facts submitted or the record warrant the relief granted by the referee. *North Philadel-*

2. Dr. Cottington stated that the program would not take much more than three or four weeks. It appears that the program in which Claimant was actually enrolled was for six weeks. December 5, 1988 Hearing, N.T., p. 10; September 26, 1988 Medical Report by Dr. Cottington, p. 2.

*phia Aviation Center v. Workmen's Compensation Appeal Board (Regan),* 121 Pa.Commonwealth Ct. 633, 551 A.2d 609 (1988). Hence, the referee may grant the suspension of benefits here if the facts so warrant.

■ Claimant's main contention is that the referee's finding that Claimant's failure to complete the work hardening program constituted a refusal of reasonable treatment was not supported by competent evidence. Claimant asserts that this issue was never raised by either party throughout the proceedings and that he was prejudiced by never having an opportunity to rebut testimony regarding the work hardening program.

Section 306(f)(4) of the Act, 77 P.S. § 531(4), provides in relevant part:

> If the employe shall refuse reasonable services of duly licensed practitioners of the healing arts, surgical, medical and hospital services, treatment, medicines and supplies, he shall forfeit all rights to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal.

The focus of Section 306(f)(4) is on the reasonableness of the services offered. *Muse v. Workmen's Compensation Appeal Board,* 514 Pa. 1, 522 A.2d 533 (1987). Section 306(f)(4) requires an employer to place evidence on the record that proposed medical services are reasonable. *Id.* Claimant contends that Employer offered no evidence as to the reasonableness of the treatment.[3]

Claimant's contentions are unfounded upon review of the record. A significant portion of Dr. Cottington's deposition testimony was devoted to his recommendations concerning the work hardening program. Deposition of G. Malcom Cottington, M.D., N.T., pp. 18, 23, 28–29, 46–47, 50. Also, Claimant's counsel cross-examined Dr. Cottington on the issue of the work hardening program. Dr. Cottington was

---

**3.** Claimant also contends that the referee did not make specific findings as to reasonableness. This ignores Findings of Fact No. 13 which states, inter alia, "[t]his Referee finds that the claimant's failure to complete the work hardening program constituted a refusal of reasonable treatment...."

unequivocal in his determination of Claimant's full recovery, in his assessment of the nature of the work hardening program, and in his opinion that the program would restore Claimant to his pre-injury status. Moreover, Claimant testified about his attendance in the program and subsequent refusal to continue due to increased back pain. December 5, 1988 Hearing, N.T., pp. 10–14.[4] Although Claimant states that he never had an opportunity to rebut testimony concerning the work hardening program, it is clear that an opportunity did exist since two more hearings and Dr. El–Attrache's deposition were held after Dr. Cottington's deposition and, more importantly, Claimant was on notice that his participation in the program would be an issue in the proceedings.

Claimant should have been clearly aware of the issues to be considered by the referee. *See Yezovich v. Workmen's Compensation Appeal Board (USX Corp.)*, 144 Pa.Commonwealth Ct. 601, 601 A.2d 1341 (1992). Framing the issue as whether Claimant was fully recovered from his compensable injury and able to resume his pre-injury job without restrictions or limitations necessarily includes the issue as to whether reasonable medical procedures will restore Claimant to his pre-injury condition. *See Joyce Western Corp. v. Workmen's Compensation Appeal Board (Fichtorn)*, 518 Pa. 191, 542 A.2d 990 (1988). Thus, the referee did not err in considering the issue of refusal of reasonable medical treatment and her findings thereon were based upon substantial evidence.

## ORDER

AND NOW, this 5th day of February, 1992, the order of the Workmen's Compensation Appeal Board dated December 31, 1990 is affirmed.

---

**4.** Claimant argues that the only testimony concerning what occurred at the program was based on the hearsay testimony of Dr. Cottington and therefore the referee erred in relying on that testimony. This argument need not be considered as it ignores Claimant's own non-hearsay testimony regarding the program and his refusal thereof, which in turn provided substantial competent evidence to support the referee's findings.