638 A.2d 419

**CONTINENTAL INSURANCE GROUP
and The Express, Petitioners,**

**v.**

**WORKMEN'S COMPENSATION APPEAL
BOARD (GERBINO), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 7, 1994.

Decided Feb. 24, 1994.

Timothy J. Siegfreid, for petitioners.

Michael Gerbino, respondent, pro se.

Before CRAIG, President Judge, NEWMAN, J., and DELLA PORTA, Senior Judge.

NEWMAN, Judge.

The Express (Employer) and its insurer, Continental Insurance Group, appeal from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying Employer's petition to terminate the benefits of Michael Gerbino (Claimant) under The Pennsylvania Workmen's Compensation Act (Act).[1] We affirm.

On August 13, 1990, Claimant sustained a work-related injury to his shoulder while employed as an assistant district manager for Employer. Thereafter, Claimant received total disability benefits pursuant to a notice of compensation payable.

On February 18, 1991, Employer filed a petition for termination of Claimant's benefits together with a request for supersedeas. Specifically, Employer alleged that as of January 1, 1991, Claimant had fully recovered from his injury and was able to return to his pre-injury employment without limitation. Claimant filed an answer denying Employer's allegations.

On May 6, 1991, a hearing was held before a referee for the purpose of deciding Employer's request for supersedeas. At this hearing, Employer presented a report by Elliot Menkowitz, M.D., dated December 14, 1990, indicating that Claimant was capable of gainful employment at his previous occupation. Employer also introduced a letter dated January 4, 1991 from Keith L. Foutz, Circulation Director, to Claimant in which Employer offered Claimant part-time employment as a skip/shortage driver. Based upon the evidence presented, the referee granted Employer's request for supersedeas and modified Claimant's benefits to reflect a partial disability rate.

Thereafter, additional hearings were held before the referee at which Employer presented the deposition testimony of Dr. Menkowitz and the testimony of Mr. Foutz and Elaine Huff, Employer's Personnel Benefits Coordinator. Although Claimant testified on his own behalf, he did not present any medical testimony.

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

Upon consideration of the evidence presented, the referee made the following pertinent findings of fact:

3. Elliott [sic] Menkowitz, M.D., testified that he examined the claimant on November 28, 1990. At the examination he took a history of the claimant and reviewed previous x-rays and bone scans, as well as his own x-rays taken at that time, in addition to the examination. Dr. Menkowitz testified that the claimant had near full range of motion of his shoulder, the claimant's upper right extremity revealed no abnormalities of the nerve innervating that upper extremity, and there was no evidence of vasiculations or atrophy. The doctor also testified that the x-rays and reports of the claimant indicated that the claimant had degenerative joint disease. Dr. Menkowitz also testified that the claimant was able to return to his previous occupation. The doctor's report of December 14, 1990 was also admitted as a defense exhibit. This report indicated that the claimant had improved but still had limitations in what he is able to do. His report also indicates that the claimant cannot lift or extend his right arm and neck without pain. His apparent understanding of the claimant's job was limited to it being the occupation of Assistant District Manager delivering newspapers. Dr. Menkowitz [sic] testimony and report are found to be credible because they were unrefuted by any medical testimony by the claimant and the opinions were within the doctor's understanding of the claimant's job.

.     .     .     .     .

5. The defendant offered the claimant a part-time job as Shortage/Skip Driver at $7.00 per hour for approximately 32 to 34 hours per week. This was not the same job that the claimant held at the time of his injury because claimant's pre-injury job was eliminated.

6. The claimant did not accept this job because his doctor had not yet released him for work.

7. The claimant testified that he would accept his old job if it was made available to him. The claimant's testimony is found to be credible because he indicated that he would go

back to work and attempt to perform his duties because his doctor released him to return to work.

8. The defendant has not offered the claimant his old job, nor does it have any other jobs available for the claimant at this time.

9. The claimant is able to perform some type of job.

Referee's Decision and Order of September 4, 1992.

Based upon these findings, the referee concluded that Employer had failed to sustain its burden of proving that Claimant was (a) fully recovered or (b) able to return to his pre-injury position because that job was no longer available. Accordingly, the referee denied Employer's termination petition.

Employer appealed to the Board, asserting among other things that the referee erred as a matter of law in not suspending or modifying Claimant's benefits on the basis of the evidence presented and in light of the modification of Claimant's benefits granted under the supersedeas order. The Board affirmed the decision of the referee. Specifically, the Board concluded that because the only petition filed by Employer was for termination, the referee had no authority to award any other relief. The Board also concluded that Employer had failed to meet its burden of proof with respect to its termination petition. This appeal followed.

On appeal to this court, the sole issue presented is whether the referee erred in failing to grant a modification of Claimant's benefits where evidence allegedly existed in the record to support such relief, *but* where the only petition filed by Employer was one for termination.[2]

■ Relying upon *Yezovich v. Workmen's Compensation Appeal Board (USX Corp.)*, 144 Pa.Commonwealth Ct. 601, 601 A.2d 1341 (1992), Employer asserts that the referee erred

2. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa.Commonwealth Ct. 288, 572 A.2d 843 (1990).

in failing to grant a modification of Claimant's benefits where the evidence in the record allegedly supports a modification. In *Yezovich,* this court upheld the action of the referee in amending *sua sponte* the employer's petition for termination by granting a modification of the claimant's benefits. Specifically, we concluded that a referee *may* grant relief beyond that requested where the claimant is not misled by the form of the petition, has notice of the relief sought by the employer and has a full and fair opportunity to contest the basis for the employer's assertions.

However, Employer's reliance on *Yezovich* is misplaced. While Employer is correct that this court upheld the *Yezovich* referee's action in amending *sua sponte* the employer's petition for termination by granting a modification of the claimant's benefits, there is no authority, statutory or otherwise, which requires a referee to take such action on his own. To the contrary, Section 413 of the Act provides in pertinent part that

> [a] referee designated by the department *may,* at any time, *modify, reinstate, suspend, or terminate* a notice of compensation payable, an original or supplemental agreement or an award of the department or its referee, *upon petition filed by either party* with the department. . . .

77 P.S. § 772 (emphasis added).

■ The language of Section 413 has previously been interpreted by this court as allowing a referee "to take the appropriate action as indicated by the evidence upon the filing of any petition referenced therein by either party," *Mardis v. Workmen's Compensation Appeal Board (Malsbary Manufacturing Co.),* 145 Pa.Commonwealth Ct. 394, 396, 603 A.2d 672, 674 (1992), *quoting Bell Telephone Co. of Pennsylvania v. Workmen's Compensation Appeal Board (Rothenbach),* 98 Pa.Commonwealth Ct. 332, 335, 511 A.2d 261, 262 (1986). However, this section does not impose upon the referee the burden of looking beyond the relief requested in the pleadings. The referee is required only to consider matters properly raised by an employer.

■ Therefore, the present case in which the referee did not look beyond the relief requested in Employer's termination petition is clearly distinguishable from those cases in which the referee acted *sua sponte* in granting relief other than that specifically requested. Because the referee in the instant case was under no obligation to look beyond the relief requested by Employer's petition for termination, we conclude that the referee did not err in failing to consider whether the evidence of record supported a modification. We note that the referee in this case was presented with a petition for termination and that he properly made findings of fact and conclusions of law with respect to the relief requested by Employer. Therefore, we cannot conclude that the referee was in error.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, February 24, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

DELLA PORTA, Senior Judge, dissents.