**Karen OHM, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CALORIC CORPORATION and Liberty Mutual Insurance), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 14, 1995.
Decided Aug. 17, 1995.

Brian M. Fleischer, for petitioner.

Linda L. Lloyd, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondents.

Before SMITH and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Before this Court is an appeal by Karen Ohm (Claimant) from an order of the Workers' Compensation Appeal Board (Board) granting, in part, the appeal of Caloric Corporation (Defendant) and amending the order of the Workers' Compensation Judge (WCJ) to terminate Claimant's compensation benefits under the Workers' Compensation Act (Act) on April 22, 1992. We reverse the decision of the Board and remand for the reinstatement of Claimant's benefits. The facts are as follows.

On December 24, 1990, Claimant filed a petition for reinstatement of compensation alleging that she continued to suffer a disability from an injury to her right elbow which she sustained in 1986 while working for Defendant, her previous employer. Although at the time of filing this petition she was working for Liquid Carbonic Inc. (Liquid Carbonic), she claimed she was working with a loss of income as a result of the injury, and was therefore entitled to partial disability payments, as per the supplemental agreement with Defendant.

At the hearing held before the WCJ on February 24, 1992, Claimant amended her petition to claim entitlement to total disability because, as of January 30, 1991, increased problems with her elbow had resulted in her inability to perform her job at Liquid Carbonic. On March 20, 1991, Claimant filed a claim petition, this time naming Liquid Carbonic as defendant, and alleging that on January 29, 1991 she sustained a sprain to her right arm while in the course of her employment with Liquid Carbonic, which caused a recurrence of her disability. Liquid Carbonic filed a petition for joinder alleging that Defendant and its insurer should be joined as parties to the proceedings regarding the claim petition, and alleging that Claimant's disability was merely a recurrence of her right arm injury suffered while Claimant was employed by Defendant. Defendant and Liquid Carbonic filed answers to the claim petition, the reinstatement petition, and the petition to join.

In his opinion and order, the WCJ found Dr. Lawrence J. Goren, Defendant's medical expert, not credible, and specifically rejected

his view that Claimant's disability was an exacerbation of her injury, caused by her employment at Liquid Carbonic. The WCJ expressly found Claimant's testimony to be uncontradicted and credible, and also credited the opinions of Dr. Finnegan, Claimant's treating physician, and Dr. Arangio, Liquid Carbonic's medical expert. Both doctors testified that the injury Claimant sustained on January 29, 1991, was a recurrence of her August 25, 1986 work injury. In Finding of Fact No. 28, the WCJ also specifically accepted the opinion of Dr. Arangio that Claimant's disability had ceased on April 22, 1992, the date of his examination of Claimant, and also found that Claimant was able to return to work as of that date.

The WCJ concluded that Defendant was solely liable to pay Claimant's compensation benefits commencing January 31, 1991, to the present, as well as the unpaid medical bills relating to her arm injury. Consequently, the WCJ granted Claimant's petition for reinstatement of total disability benefits against Defendant as of January 30, 1991, and dismissed the claim petition against Liquid Carbonic.

On appeal, the Board sustained the WCJ's finding that Claimant suffered a recurrence of her work injury, and Defendant was therefore liable, but amended the decision to provide that Claimant's benefits would terminate on April 22, 1992, based on the WCJ's Finding of Fact No. 28. Claimant appeals from this order to this Court arguing that the Board erred in amending the WCJ's order to terminate Claimant's benefits as of April 22, 1992.

Claimant first contends that there is no requirement that the WCJ look beyond the relief requested. *Continental Insurance Group v. Workmen's Compensation Appeal Board (Gerbino)*, 162 Pa.Commonwealth Ct. 190, 638 A.2d 419 (1994). However, Section 413 of the Act[1] empowers a WCJ to take the appropriate action as indicated by the evidence, and therefore the form of the petition is not controlling. *Mardis v. Workmen's Compensation Appeal Board (Malsbary*

*Manufacturing Co.)*, 145 Pa Commonwealth Ct. 394, 603 A.2d 672 (1992); *Bell Telephone Co. of Pennsylvania v. Workmen's Compensation Appeal Board (Rothenbach)*, 98 Pa.Commonwealth Ct. 332, 511 A.2d 261 (1986).

Claimant's argument relies on *Continental Insurance* which held, interpreting Section 413 of the Act, that an employer who filed a termination petition, but failed to sustain its burden of proving that the claimant was fully recovered and able to return to his pre-injury position, was not entitled to have the claimant's benefits suspended because the WCJ was not required to look beyond the termination petition, although the evidence allegedly existed in the record to support modification of the claimant's benefits. A WCJ may grant relief beyond that requested. It is in his discretion to do so, where the claimant is not misled by the form of the petition, has notice of the relief sought by the employer, and has a full and fair opportunity to contest the basis for the employer's assertions. However, a WCJ is not *required* to look beyond the relief requested in the pleadings. *Continental Insurance.*

Likewise, Claimant contends here that since termination was not raised by the Defendant, nor ordered by the WCJ, the WCJ was not required to look beyond the relief requested, i.e. reinstatement of benefits, and thus it was error for the Board to order the termination of her benefits. However, this ignores the WCJ's specific finding that Claimant's disability ceased as of April 22, 1992. Thus, the WCJ, in his own discretion, looked beyond the relief requested, and found evidence in the record to terminate compensation. Moreover, Claimant had notice of Liquid Carbonic's intent to contest the claim by way of Liquid Carbonic's answer to her claim petition, in which strict proof of Claimant's alleged injury was demanded (R. 2a), and by Liquid Carbonic's refusal to issue a notice of compensation payable. *Thomas v. Workmen's Compensation Appeal Board (George's Painting Contractors)*, 157

---

1. The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,*

77 P.S. § 772.

Pa.Commonwealth Ct. 207, 629 A.2d 251 (1993); *Bell Telephone*. Thus, because Claimant had ample opportunity to prepare to meet Liquid Carbonic's claim that her disability had ceased, she was not prejudiced by the WCJ's finding. *Coover v. Workmen's Compensation Appeal Board (Browning–Ferris Industries)*, 140 Pa.Commonwealth Ct. 16, 591 A.2d 347 (1991).

■ Our Supreme Court has held that in a claim petition the burden rests on the claimant to demonstrate not only that she has sustained a compensable injury, but also that the injury continues to cause disability throughout the pendency of the petition. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993). Thus, a WCJ is authorized, when considering a claim petition, to award compensation for a work-related injury, and, in addition, to terminate benefits as of the date the disability ceased, although a termination petition has not been filed, if the claimant has not carried her burden of proof to establish a continuing disability. Thus, "if the referee feels the evidence supports a finding of disability only for a closed period, he is free to make such a finding." *Connor v. Workmen's Compensation Appeal Board (Super Sucker, Inc.)*, 155 Pa.Commonwealth Ct. 102, 105, 624 A.2d 757, 759 *appeal denied*, 535 Pa. 676, 636 A.2d 635 (1993).

■ Therefore, here, where Claimant filed a claim petition, and the WCJ found that her disability ceased during the pendency of the proceedings on this petition, he was free to make a finding of disability for a closed period. Thus, we find no merit to Claimant's argument that the WCJ did not have the authority to go beyond the pleadings to find that Claimant suffered a disability which terminated on April 22, 1992, nor do we find merit in the contention that the Board was not authorized to amend the WCJ's order to reflect this finding.

■ Next, Claimant argues that Dr. Arangio's testimony was equivocal, and therefore incompetent to support the WCJ's finding that Claimant's disability ceased. The determination as to whether expert testimony in a workers' compensation case is equivocal so as not to be competent evidence is a question of law, subject to our review. In conducting such a review a medical witness's entire testimony must be taken as a whole, and words should not be taken out of context. *Somerset Welding and Steel v. Workmen's Compensation Appeal Board (Lee)*, 168 Pa.Commonwealth Ct. 78, 650 A.2d 114 (1994). Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa. C.S. § 704.

We hold that Dr. Arangio's medical evidence was equivocal and therefore there was insufficient, competent evidence to support the WCJ's findings that Claimant's disability had ceased. First, we hold that Dr. Arangio's deposition testimony of October 28, 1992, was internally inconsistent. Dr. Arangio stated that he examined Claimant on April 22, 1992. Pinchometer and gripometer tests, administered during the course of his examination, revealed that Claimant did not have as much strength on her right side as on her left side, (R. 193a), and that she showed evidence of pain on palpation of the lateral epicondyle nerve of her right arm, which was the same pain she experienced after her work-related injury in 1986. (R. 194a–195a.) However, Dr. Arangio then testified on direct examination that there were no objective findings to support her subjective symptoms, and then later in the deposition stated that the pain found on palpation and the gripometer and pinchometer tests were objective findings which supported his diagnosis of right elbow pain, lateral epicondylitis. (R. 195a–197a.)

Thus, after reversing his position twice, Dr. Arangio testified on direct examination that Claimant suffered from lateral epicondylitis as of the date of the examination, April 22, 1992. Such record testimony contradicts the WCJ's finding that it was the opinion of Dr. Arangio that all disability had ceased as of that date. Moreover, Dr. Arangio never unequivocally testified that Claimant had fully recovered from her work-related injury.

Dr. Arangio did testify that Claimant could return to work at the time of his examination of Claimant with full activities, (R. 207a), but then on cross-examination stated that he would be uncomfortable releasing her without a restriction of some sort. (R.210a–211a). When Dr. Arangio was directly asked by Defendant's lawyer whether it would be his opinion that Claimant has recovered from whatever disability she had, regardless of the cause, Dr. Arangio refused to state that she had fully recovered, and instead stated that in his opinion she could return to work. (R. 207a.)[2]

 In sum, because Dr. Arangio's testimony was internally inconsistent and contradictory, and because he stated on direct examination that as of April 22, 1992, Claimant suffered from lateral epicondylitis, while never directly stating that she had recovered from her work-related disability, we hold, as a matter of law that Dr. Arangio's testimony was equivocal. Because the WCJ relied solely on the testimony of Dr. Arangio to find that all disability ceased on April 22, 1992, and because this testimony was equivocal and therefore incompetent to support the WCJ's finding, we hold that there is insufficient evidence to support the WCJ's finding that Claimant's disability had ceased. Therefore, it was error for the Board to amend the WCJ's order to terminate benefits as of April 22, 1992.

Accordingly, we reverse the order of the Board and reinstate Claimant's benefits.

### ORDER

AND NOW, this 17th day of August, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed and the case is remanded for reinstatement of benefits.

Jurisdiction relinquished.

---

**2.** Under this cross-examination, Dr. Arangio again contradicted himself and stated that there was no evidence that she had lateral epicondyli-

tis or ulnar neuropathy or any disability with her upper extremity. (R. 207a.)