Bernestine HILL, Petitioner,

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (BALLARD, SPAHR,
ANDREWS & INGERSOLL and
Great Northern Insurance Co.), Re-
spondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 11, 1999.
Decided Dec. 23, 1999.
Reargument Denied Feb. 24, 2000.

Christina J. Barbieri, Philadelphia, for petitioner.

Christian A. Davis, Philadelphia, for respondents.

Before SMITH, J., KELLEY, J., and MIRARCHI, Jr., Senior Judge.

KELLEY, Judge.

The dispositive issue in this case is whether the Workers' Compensation Judge (WCJ), in considering Bernestine Hill's (Claimant) claim petition, erred in concluding that Claimant's total disability changed to partial disability on the basis that suitable alternative work was made available to Claimant, which work Claimant refused. Claimant argues that the WCJ's subsequent modification of Claimant's benefits was error.[1] We agree, reverse the order of the Workers' Compensation Appeal Board (Board) to the extent that it modified Claimant's disability status and benefits, and affirm that order to the extent that it affirmed the WCJ's granting of Claimant's claim petition.

On January 9, 1995, Claimant filed a claim petition for Workers' Compensation Benefits pursuant to the Pennsylvania Workers' Compensation Act[2]. Claimant alleged that she sustained daily aggravation of cardiac disease, angina pectoris, and mitral valve collapse in the course and scope of her employment as a document specialist over a continuing period ending on her last day of work on March 14, 1994. Ballard, Spahr, Andrews & Ingersoll (Employer) timely answered the petition denying all material allegations. After hearings and the receipt of testimony and exhibits into evidence, the WCJ issued a decision and order granting the claim petition. The WCJ granted Claimant's claim petition and awarded full disability benefits to Claimant from the date of injury, March 14, 1994, until September 20, 1994, the date that Employer offered Claimant alternative employment. The WCJ found that Claimant's disability changed from total to partial as of September 20, 1994 and the WCJ modified Claimant's benefits accordingly. Both Employer and Claimant appealed the

---

1. Claimant's arguments that the WCJ exceeded her jurisdiction in granting a modification of Claimant's benefits in the context of the litigation of Claimant's claim petition, and Claimant's argument that the Board erred in remanding the case for the taking of additional wage evidence from Employer, are waived pursuant to Pennsylvania Rule of Appellate Procedure 1513(a), since these issues were not preserved in Claimant's petition for review. *Downey v. Workers' Compensation Appeal Board (Zinc Corp.)*, 667 A.2d 246 (Pa. Cmwlth.1995).

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

WCJ's order to the Board, and the Board affirmed and remanded the case to the WCJ for proceedings to determine wage information in relation to Employer's offer of alternative employment. Claimant now petitions this Court for review of the Board's order.

This Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of Board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods v. Workmen's Compensation Appeal Board (Clouser)*, 114 Pa.Cmwlth. 382, 539 A.2d 11 (1988). The WCJ, as the ultimate fact finder in workers' compensation cases, has exclusive province over questions of credibility and evidentiary weight, and is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki)*, 140 Pa.Cmwlth. 461, 593 A.2d 921, *petition for allowance of appeal denied*, 529 Pa. 626, 600 A.2d 541 (1991).

In a claim petition contest, the claimant has the burden of establishing all of the necessary elements to support an award, and included therein is the burden to establish the duration and extent of the disability alleged. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993). Neither party disputes the WCJ's finding in the instant case that Claimant satisfied this burden in regards to the initial establishment of Claimant's disability. On the issue of Claimant's initial disability as of March 11, 1994 the WCJ specifically found credible the testimony of Claimant and Claimant's medical experts, Drs. DePace and Mabel. The WCJ specifically rejected the testimony of Employer's medical experts, Drs. Goldstein and Michals. The WCJ's credibility determinations regarding both parties' medical experts' testimony will not be disturbed. *Valsamaki.*

The WCJ then found that Claimant's burden to establish the duration of her disability was not met beyond September 20, 1994. The significance of the September 20, 1994 date is that it represents the date that Employer sent Claimant a letter offering Claimant a position as a legal secretary and/or receptionist.[3] The WCJ found:

21. On September 20, 1994, Claimant was offered the opportunity to return to work in a light duty position, either as a legal secretary or as a receptionist, but Claimant did not attempt to perform either of these jobs. Claimant's failure to even attempt to perform either of these jobs is found to [sic] bad faith on the part of Claimant.

22. This WCJ finds that Claimant was capable of performing the job as a receptionist or legal secretary as of September 20, 1994 and as Claimant evidenced bad faith after being offered these jobs, Claimant's benefits must be modified and Claimant is awarded partial disability . . .

The WCJ then concluded:

4. Claimant has not sustained her burden of proving that her disability due to her work injury extended beyond September 20, 1994 and Claimant has not sustained her burden of proving that she exercised good faith in attempting alternative employment in the form of the receptionist job or legal secretary job that she was offered and for which she was vocationally and medically capable

---

3. Although Claimant testified that she did receive such a letter from Employer, the record is completely devoid of any evidence as to the wage offered to Claimant for these positions, and, most significantly, the physical demands and responsibilities of these positions and their suitability to Claimant's disabilities. The letter itself is not in the record.

and thus, her total disability benefits must be modified effective September 20, 1994.

The WCJ's credibility determinations, findings, and conclusions, as well as the record as a whole, indicate that the WCJ held Claimant to a duty to pursue in good faith the September 20, 1994 job offer before Claimant's injury had been recognized as compensable. The WCJ then determined that Claimant's ability to perform that alternative position, and Claimant's refusal to accept that offered alternative position, supported the finding that Claimant's disability had decreased. We disagree.

■ Employer argues that *Inglis House* places the burden on Claimant to prove the duration of Claimant's injury throughout the claim petition proceeding, and that the evidence of Claimant's ability to perform the subsequent position offered by Employer, and Claimant's refusal to accept that position, demonstrates that Claimant was no longer disabled. Employer, however, mischaracterizes *Inglis House*'s holding. *Inglis House* does establish that a claimant retains the burden to prove the duration of disability throughout the pendency of the claim petition. *Inglis House* also correctly restates that, for purposes of Workers' Compensation, a disability can be equated with a loss of earning power. *Inglis House* also stands for the principle that evidence of a voluntary loss of earning power, in the form of a claimant's voluntary decision to abandon a subsequent job that claimant took after the compensable injury, is admittable in rebutting claimant's evidence to establish the duration of disability. In this case, there is no evidence of a voluntary loss of earning power. This Court has held that a claimant has no duty to pursue any job offer or referral by an employer until such time as the initial injury is recognized as compensable, either by employer or by WCJ adjudication. *Smith v. Workers' Compensation Appeal Board (Saunder's House)*, 732 A.2d 18 (Pa.Cmwlth.1999).

As such, evidence here that Claimant did not pursue a job offer before she had a duty to do so, i.e. before her injury had been recognized, is irrelevant. The only issue in a claim petition proceeding is whether the claimant sustained a compensable injury, and if so, what was the duration of that disability. *Inglis House*. All evidence, including medical evidence, in a claim petition proceeding is directed to that question. *Id.*

■ In this claim petition contest, Claimant's burden to establish her disability to perform her time-of-injury job as document specialist, including the burden to establish the duration of that disability pursuant to *Inglis House,* does not encompass the exercise of good faith in seeking alternative employment, nor does it encompass disproving or rebutting job availability evidence regarding another offered position of employment. *Saunder's House.* The WCJ erred as a matter of law in measuring the duration of Claimant's initial disability from her time-of-injury job against Claimant's efforts to obtain a nonrelated position, which Claimant was under no duty to pursue. Additionally, the WCJ erred in characterizing Claimant's failure to accept the subsequent job offers as bad faith.

■ It is axiomatic, and consonant with our established precedents defining a claimant's burden in a claim petition proceeding, that a claimant cannot have a duty or obligation to pursue a job offer until that claimant's disability or injury has been recognized as compensable by either Employer or a WCJ adjudication. *See Saunder's House; Inglis House; Fox v. Workmen's Compensation Appeal Board,* 30 Pa.Cmwlth. 93, 373 A.2d 141 (1977). Accordingly, we hold that the WCJ erred in modifying Claimant's disability status and benefits within the context of the claim petition proceeding on the grounds that Claimant refused to accept alternative employment prior to the recognition of a compensable injury.

Our inquiry turns next to an examination of whether substantial evidence supports the WCJ's modification of Claimant's disability status without considering the evidence of the subsequent secretary/receptionist job offer. Claimant's medical experts, Drs. DePace and Mabel, testified that Claimant was disabled beginning March 11, 1994 and that said disability was work related, total, and continuing. Reproduced Record (R.R.) at 87a, 92a–99a; 174a, 182a–183a, 196a–204a. Both of Claimant's experts testified that Claimant was unable to perform her time-of-injury job as a document specialist, and also unable to perform the secretary-receptionist jobs. *Id.* Employer's medical experts, Drs. Goldstein and Michals, both testified that Claimant's condition was not disabling at any time, and that any condition from which Claimant suffered was not caused by her work for Employer. R.R. at 339a–356a, 418a–420a; 473a–488a. Dr. Michals further testified that Claimant was not disabled in March of 1994 when Claimant stopped working, in September of 1994 when Employer offered Claimant the alternative positions, or any time thereafter. R.R. at 473a–488a. Neither of Employer's experts testified that there was any medical change in Claimant's condition at any date relevant hereto. The WCJ found, in relevant part:

10. . . . Claimant testimony is not accepted as credible with regard to her claim to continue to be totally disabled and her inability to perform the job as a receptionist or legal secretary that were offered to her. On the issues of Claimant's claim to continue to be totally dis-

abled and her inability to perform the job as a receptionist legal secretary which were offered to her, this [WCJ] does not find Claimant credible and her testimony on those issues are not accepted as fact [sic].

13. . . . On the issue of Claimant's continued total disability and her ability to perform the receptionist or legal secretary job, Dr. DePace's testimony is not accepted as fact and specifically rejected.

14. . . . [T]his [WCJ] finds that the testimony of Dr. Goldstein is credible and persuasive on Claimant's lack of continuing disability and her ability to perform the jobs offered to her as a receptionist or a legal secretary.

15. . . . Dr. Mabel's testimony on the issue of Claimant's continued total disability and her ability to perform the receptionist job or the legal secretary job offered to her is rejected.

A careful review of the above cited testimony, and the record as a whole, reveals no medical or other evidence that Claimant's disability changed as of September 20, 1994. The above-cited findings are erroneously linked to the irrelevant inquiry of whether Claimant was fit to perform the secretary and/or receptionists positions, not Claimant's time-of-injury job. In the absence of any other evidence demonstrating a change in Claimant's disability as of September 20, 1994 we hold that the WCJ's findings that Claimant's disability decreased as of September 20, 1994 is not supported by substantial evidence, and cannot stand[4]. The WCJ's subsequent

---

**4.** We are mindful of our previous holding that "a WCJ is authorized, when considering a claim petition, to award compensation for a work-related injury, and, in addition, to terminate benefits as of the date the disability ceased, although a termination petition has not been filed, if the claimant has not carried her burden of proof to establish a continuing disability." *Ohm v. Workmen's Compensation Appeal Board (Caloric Corp.),* 663 A.2d 883, 886 (Pa.Cmwlth.1995). Notwithstanding that general rule, we note that *Ohm* found grounds to terminate where the employer in

that case presented medical evidence demonstrating a *change* in Claimant's disability. *Accord Connor v. Workers' Compensation Appeal Board (Super Sucker, Inc.),* 155 Pa.Cmwlth. 102, 624 A.2d 757, *petition for allowance of appeal denied,* 535 Pa. 676, 636 A.2d 635 (1993). No such evidence of a change in Claimant's disability has been presented in the case *sub judice* in relation to September 20, 1994, or in relation to March 19, 1996. In a Workers' Compensation case, total disability is presumed to continue unless and

modification of Claimant's benefits, therefore, is error and must be reversed.

Accordingly, the portion of the order of the Board affirming the WCJ's grant of full disability benefits to Claimant is affirmed. The portions of the order of the Board affirming the WCJ's modification of Claimant's disability and benefits, and remanding this case to the WCJ, are reversed.

## *O R D E R*

AND NOW, this 23rd day of December, 1999, the order of the Workers' Compensation Appeal Board, dated February 16, 1999 at Docket No. A97–4052, is affirmed in part and reversed in part. The portion of the order of the Board affirming the WCJ's grant of full disability benefits to Claimant is affirmed. The portions of the order of the Board affirming the WCJ's modification of Claimant's disability and benefits, and remanding this case to the WCJ, are reversed.

until competent examination and testimony disclose otherwise. *MacNeill v. WCAB (Den-* *ny's, Inc.),* 120 Pa.Cmwlth. 320, 548 A.2d 680 (1988).