Ray HOOVER, Petitioner,

v.

WORKERS' COMPENSATION AP-PEAL BOARD (HARRIS MASONRY, INC. and Valiant Insurance Compa-ny), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 2, 2001.

Decided Sept. 13, 2001.

Peter D. Friday, Pittsburgh, for petitioner.

Richard L. Muchow, Pittsburgh, for respondents.

Before SMITH, Judge, FRIEDMAN Judge, and McCLOSKEY, Senior Judge.

SMITH, Judge.

Ray Hoover petitions for review of a decision of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a Workers' Compensation Judge (WCJ) granting a claim petition for a carpal tunnel injury but also terminating compensation as of a particular date and granting another claim petition for a low back injury but also suspending compensation for that injury. Hoover questions whether the Board erred in holding that a modified duty job offer was relevant in the context of a claim petition; whether substantial, competent evidence supported the Board's affirmance of the WCJ's decision; and whether substantial medical evidence supported the WCJ's finding that Hoover was capable of performing the offered sedentary job.

The counter-statement of questions involved by Harris Masonry, Inc. and Valiant Insurance Company (Employer) includes whether Hoover waived the issue of error in considering evidence of a job offer in a claim petition proceeding. Employer also questions whether a WCJ has authority to suspend or modify benefits in the context of a claim petition under provisions of Section 306(b) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 512, as amended by the Act of June 24, 1996, P.L. 350, known as "Act 57."

Hoover worked for Employer for 20 years as a scaffold builder and masonry tender, assisting bricklayers in the construction of walls. While carrying a scaffolding plank on September 18, 1997, he slipped but did not fall, and he felt a twisting sensation in his back. He reported the incident to his foreman, and he saw Robert H. Baker, M.D., on September 22 for low back pain. Hoover ceased working near the end of September, and he filed two claim petitions on November 10, 1997. One requested full disability from September 23, 1997 and payment of medical bills relating to the back injury. The other averred that Hoover sustained bilateral carpal tunnel syndrome from repetitive use of his hands in his work as of September 23, 1997, and it requested full disability from September 24, 1997 onward. Employer denied the allegations, demanding strict proof.

Hoover testified and presented the deposition testimony of Dr. Baker, among other evidence. Employer's evidence included the depositions of William M. Swartz, M.D., and Russell Schoemer, a

project manager for Employer and Hoover's supervisor. The WCJ found that Hoover sustained a bilateral carpal tunnel injury, worse on the right side, which was related to his work. However, Hoover fully recovered from the right side injury after successful release surgery, and, based upon the testimony of Dr. Swartz, Hoover had fully recovered from the left side injury as of the date of his examination on May 27, 1998, and he could return to work without restriction as far as the wrist injuries were concerned. Regarding the low back injury, the WCJ found that Hoover had improved to the point where he could perform sedentary work. In his July 23, 1998 deposition, Schoemer stated that Employer could find sedentary work for Hoover, probably as a forklift driver, and that Hoover could start immediately. The WCJ found that this was an equivocal job offer, but he found that Employer made an actual offer to Hoover in a letter of September 23, 1998, which Hoover did not accept.[1]

■ The WCJ granted the claim petition as to carpal tunnel syndrome but ordered a termination of that claim as of the date of full recovery, and he granted the petition as to the low back injury but suspended benefits as of the date of the written job offer. Hoover's appeal to the Board challenged Findings of Fact 2–11 and 13–26 as not being supported by substantial competent evidence, averring in particular that Employer failed to show job availability after September 28, 1998, and it challenged all six Conclusions of Law as not being supported by substantial competent evidence. The Board affirmed, noting that a claimant must establish both the existence of a work-related injury and that the injury continues to cause disability throughout the pendency of the claim petition. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993). Dr. Baker testified that Hoover was capable of performing light-duty work and Employer's letter stated that such work was available. Further, Dr. Swartz credibly testified that Hoover had recovered from his carpal tunnel injury.[2]

Hoover first asserts that the Board erred in holding that the alleged modified duty job offer was relevant in proceedings concerning a claim petition. He cites *Hill v. Workers' Compensation Appeal Board (Ballard, Spahr, Andrews & Ingersoll)*, 745 A.2d 56 (Pa.Cmwlth.2000), *appeal granted*, —— Pa. ——, 782 A.2d 550 (2001), where a WCJ granted a claim petition but found that the claimant's disability changed to partial as of the date that the employer offered her alternative employment. The Court applied cases holding that a claimant is under no duty to pursue any job offer or referral by an employer until such time as the initial injury is recognized as compensable. The Court stated that evidence concerning the job offer was irrelevant to the only issue in the claim petition, namely, whether the claimant sustained a compensable injury and, if so, what was its duration.

---

**1.** The letter stated that Employer continued to have work available to Hoover within the restrictions to which Dr. Baker testified, i.e., not lifting more than 20–25 pounds and limited stooping, bending, twisting and climbing. Without mentioning job duties or the rate of pay, the letter asked Hoover to report to a particular work site on September 28, 1998. Employer's Ex. G.

**2.** This Court's review of the Board's order is limited to determining whether the necessary findings of fact were supported by substantial evidence in the record and whether there was an error of law or a constitutional violation. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Cmwlth.436, 550 A.2d 1364 (1988).

■ As noted above, Employer argues that Hoover has waived this issue by failing to present it to the WCJ or the Board. It notes that an issue not raised before the Board is deemed waived and will not be considered by the Court. Pa. R.A.P. 1551(a). Employer asserts that despite Hoover's "shotgun approach" challenging almost all of the WCJ's findings and conclusions, he nowhere disputed the relevance of job offer evidence, and in fact he challenged instead the sufficiency of the job offer evidence. The Court agrees. This issue was not presented to the Board, and it may not be raised now.

■ Second Hoover contends that the decision to terminate benefits in relation to the carpal tunnel injury was not supported by substantial evidence. Hoover argues that Dr. Baker clearly testified that Hoover's work activity caused his carpal tunnel problems and that he should not undertake similar work, whereas Dr. Swartz testified equivocally that Hoover's work "contributed" to his condition but did not cause it. However, the Court notes that the WCJ may accept or reject any testimony, including the medical opinion of one expert witness over that of another. *New Enterprise Stone & Lime v. Workmen's Compensation Appeal Board (Baird)*, 124 Pa.Cmwlth.257, 555 A.2d 974 (1989). Dr. Swartz' opinion that Hoover had fully recovered was unequivocal, and the WCJ was entitled to credit it.

Third Hoover asserts that the decision to suspend benefits relating to the low back injury is not supported by substantial and competent evidence, and finally he argues that substantial, competent evidence does not exist to support the finding that he was capable of performing the offered job. The Court notes that the question of whether there was sufficient evidence that Hoover could perform the offered job goes directly to the question of whether the WCJ and the Board erred in suspending benefits. Hoover stresses that under *Kachinski v. Workmen's Compensation Appeal Board (Vepco Constr. Co.)*, 516 Pa. 240, 252, 532 A.2d 374, 380 (1987), an employer seeking to modify a claimant's benefits must produce evidence of a referral to an open job "which fits in the occupational category for which the claimant has been given medical clearance, *e.g.*, light work, sedentary work, etc." He argues that the WCJ found credible that portion of Dr. Baker's testimony that Hoover could do sedentary work, but nowhere in this record did any doctor opine that the forklift driver position mentioned by Schoemer in July 1998 actually was sedentary.

Employer responds that *Kachinski* principles do not apply to Act 57 cases. However, it also asserts that if Hoover's arguments regarding the relevance of the evidence of the job offer are not deemed to be waived, then the WCJ was entitled to consider that evidence and to suspend benefits under the Act 57 amendments to Section 306(b) of the Act, which apply to all injuries occurring after June 24, 1996. In particular, the amendments provided for the first time a definition of "earning power," which is used to calculate the compensation for partial disability, as being determined by work that the employee is capable of performing, which shall be based upon expert opinion evidence that includes job listings from various sources but does not require a referral to a then-open job, as was the case under *Kachinski*.[3] Employer asserts that *Hill* is inapplicable and that the WCJ was free to

---

**3.** Section 306(b)(2) of the Act, 77 P.S. § 512(2). Section 306(b)(2) also provides: "If the employer has a specific job vacancy the employe is capable of performing, the employer shall offer such job to the employee."

limit Hoover's benefits because the evidence of the job offer established an earning power equal to Hoover's average weekly wage.

■ The Court notes, however, that as a matter of law the purported job offer in this case satisfied neither the standards developed under *Kachinski* nor the requirements of the Act 57 amendments. In *Kachinski* it was held that an employer need not specify every aspect of every proposed job, but it did have to provide medical evidence describing the claimant's capabilities, vocational evidence classifying the level of exertion and a basic description of the job in question. The Court deems the *Kachinski* standards to apply to job offers that are required to be made by an employer under the new provisions of Section 306(b)(2). Hoover is correct that the record ·is devoid of evidence that the job offered was sedentary.

In addition, the Court observes, it is not at all clear what job was offered. The Court has held that an employer's letter stating that an alternative position had been arranged to accommodate a claimant's physical limitations as detailed by her physician but not providing any descriptive information about the job or its duties failed to provide essential information and constituted insufficient notice. *Hockenberry v. Workmen's Compensation Appeal Board (Pennsylvania State Police)*, 672 A.2d 393 (Pa.Cmwlth.1996). In *Eidem v. Workers' Compensation Appeal Board (Gnaden–Huetten Memorial Hosp.)*, 560 Pa. 439, 746 A.2d 101 (2000), the Supreme Court noted that cases such as *Hockenberry* require information about job duties for jobs in which the claimant was not previously employed, whereas cases such as *McConway & Torley Corp. v. Workmen's Compensation Appeal Board (Campbell)*, 677 A.2d 381 (Pa.Cmwlth.1996), do not require specification of job duties where an employer offers a light-duty position in a job that the claimant previously worked.

■ As for the procedure under the Act 57 amendments, the Court notes that those amendments also added Section 306(b)(3), 77 P.S. § 512(3). That provision requires the insurer, if it receives medical evidence that a claimant is able to return to work in any capacity, to provide prompt written notice to the claimant on a prescribed form, stating: (1) the nature of the employee's physical condition or change of condition; (2) that the employee has an obligation to look for available employment; (3) that proof of available employment opportunities may jeopardize the employee's right to receipt of ongoing benefits; and (4) that the employee has the right to consult with an attorney in order to challenge the insurer's contentions. There is no evidence of compliance with the provisions of Section 306(b)(3). Further, no expert vocational testimony was presented to establish earning power otherwise. Section 306(b)(2). Therefore, Employer has not satisfied its burden. Accordingly, the Board's order is reversed insofar as it affirmed the suspension of benefits in regard to the low back injury, and it is affirmed in all other respects.

### ORDER

AND NOW, this 13th day of September, 2001, the order of the Workers' Compensation Appeal Board is reversed insofar as it approved the suspension of benefits to Ray Hoover for his low back injury; the decision is affirmed in all other respects.