**ALLEGIS GROUP (ONSITE) and ITT Hartford, Petitioners**

v.

**WORKERS' COMPENSATION APPEAL BOARD (HENRY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 11, 2005.
Decided May 16, 2005.
Publication Ordered Sept. 6, 2005.

Dennis P. Cullen, Lemoyne, for petitioners.

Judson B. Perry, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and SIMPSON, J., and LEADBETTER, J.

OPINION BY Judge SIMPSON.

At issue in this workers' compensation case is whether an employer is entitled to a suspension of benefits based on a light duty job offer when it fails to issue a "notice of ability to return to work" as required by Section 306(b)(3) of the Workers' Compensation Act[1] (Act). Allegis Group and ITT Hartford (Employer) petition for review from an order that reversed a suspension of benefits. Agreeing Employer's failure to comply with the statutory prerequisite precludes a suspension of benefits, we affirm.

In November 2000, James Henry (Claimant) sustained an injury when a forklift ran over his foot causing him to fall backwards on his tailbone. Two months later, Employer issued a notice of temporary compensation payable (NTCP) temporarily accepting liability for left foot and back injuries.

A week later, Employer issued a notice of compensation denial, alleging, although Claimant suffered an injury, he was not "disabled" as a result of the injury. Reproduced Record (R.R.) at 58a. Employer further alleged it offered Claimant a light duty position, which he refused. Notably, Employer did not issue a notice stopping temporary compensation. WCJ Op., Finding of Fact (F.F.) No. 1.

Six months later, Claimant filed a claim petition seeking ongoing benefits based on his work-related left foot and back injuries. Employer denied the material allegations.

Hearings ensued before a Workers' Compensation Judge (WCJ). Claimant and his physician testified that he could not work. However, the WCJ credited the testimony of Employer's witnesses and rejected that of Claimant and his physician. The credited testimony was as follows.

Employer presented the deposition testimony of Dr. Bruce Goodman, who is board-certified in orthopedic surgery (Employer's Physician). Based on Claimant's history, medical records and three physical examinations, Employer's Physician opined Claimant could perform light duty work with a 10–pound lifting restriction. After reviewing the job description for the light duty position, Employer's Physician opined Claimant could perform the required duties.

Employer also presented the testimony of its representative, Teri Yon (Employer's Representative). Employer's Representative testified she offered Claimant a light-duty office position beginning January 8, 2001. Specifically, she testified she provided Claimant with several documents, including a bona fide job offer letter and a description of the job duties.[2] Employer's Representative explained the offered position involved filing documents, and Claimant could perform the position while standing or sitting. Employer's Representative testified Claimant did not report to work

---

1. Act of June 24, 1996, P.L. 350, No. 57 § 4, as amended, 77 P.S. § 512(3).

2. Employer's Representative testified Employer offered Claimant the light duty job based on its receipt of a medical report from a physician at Concentra Medical Centers. R.R. at 166–68a. This report was issued by Dr. James E. Sioma who treated Claimant

shortly after the work injury, and released him to return to work with restrictions. R.R. at 69a. The job offer letter states Employer offered Claimant a light duty position because Claimant's primary physician released him to return to light duty work with restrictions. R.R. at 31a.

on the scheduled start date. Instead, he arrived a few days later, and became confrontational when asked to sign documents related to the job offer. Employer's Representative testified, after Claimant refused to complete the required paperwork, she requested he leave the office.

Ultimately, the WCJ determined the NTCP issued by Employer converted into a notice of compensation payable because Employer did not issue a notice stopping temporary compensation. The WCJ found Claimant sustained a work injury, and he determined Employer offered Claimant a light-duty position within his restrictions, which Claimant unreasonably refused. As a result, the WCJ awarded benefits as of the date of Claimant's injury, and suspended benefits as of the date of the job offer. Claimant appealed to the Workers' Compensation Appeal Board (Board).

On appeal, the Board reversed the WCJ's suspension of benefits on the grounds Employer did not prove it issued Claimant a notice of ability to return to work as required by Section 306(b)(3). *See Hoover v. Workers' Comp. Appeal Bd. (Harris Masonry, Inc.)*, 783 A.2d 886 (Pa. Cmwlth.2001), *petition for allowance of appeal denied*, 569 Pa. 725, 806 A.2d 864 (2002).

■ Employer now appeals to this Court.[3] Central to Employer's arguments is a dispute regarding the nature of the proceedings and the burden of proof. In essence, Employer contends that because Claimant filed a claim petition, burdens and proof related to such a petition control. More particularly, Employer challenges the conclusion that Claimant met

the burden of proof for a claim petition, challenges the application of statutory provisions relating to the notice of return to work in the context of a claim petition, and disputes the conclusion that it needed to prove anything in a claim petition proceeding.

■ Employer first argues the Board erred in granting benefits because Claimant failed to satisfy the burden of proof on his claim petition. Specifically, it asserts, because the WCJ expressly rejected Claimant's medical evidence, the award of benefits is improper.

■ Contrary to Employer's assertion, the WCJ did not award benefits based on a determination that Claimant satisfied his burden of proof on the claim petition. Rather, the WCJ determined Claimant was entitled to benefits because, after issuing the NTCP, Employer did not issue a notice stopping temporary compensation. F.F. No. 1. Thus, the WCJ determined the NTCP automatically converted into a notice of compensation payable. *See* WCJ Op. at 2; Sections 406.1(5)(i), (6) of the Act, 77 P.S. § 717.1(5)(i), (6).[4] Significantly, Employer does not challenge the WCJ's determination that its NTCP converted into a notice of compensation payable, requiring ongoing payment of benefits. Further, if the evidence presented justifies relief under some section of the Act, relief may be granted regardless of the petition filed. *York City Sch. Dist. v. Workmen's Comp. Appeal Bd. (Peyser)*, 136 Pa. Cmwlth.110, 582 A.2d 423 (1990).

Moreover, the Board's decision was legal in nature, not driven by the WCJ's credibility findings. Thus, the Board accepted

---

3. Our review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence or whether constitutional rights were violated. *Gumro v. Workmen's*

*Comp. Appeal Bd. (Emerald Mines Corp.)*, 533 Pa. 461, 626 A.2d 94 (1993).

4. *Added by* the Act of February 8, 1972, P.L. 25.

Claimant's argument that Employer could not suspend benefits as a matter of law because it failed to satisfy applicable statutory requirements. The WCJ credibility determinations do not control this issue.

■ Employer next asserts the Board erred in determining it was required to issue the notice of ability to return to work as this case concerns a claim petition rather than a suspension petition. To that end, Employer argues the Board erred in relying on *Hoover* to support its determination that the notice was required here as *Hoover* involved a suspension petition.

With regard to the notice of ability to return to work, Section 306(b)(3) of the Act states (with emphasis added):

> (3) If the insurer receives medical evidence that the claimant is able to return to work in any capacity, then *the insurer must provide prompt written notice, on a form prescribed by the department, to the claimant,* which states all of the following:
>
> (i) The nature of the employe's physical condition or change of condition.
>
> (ii) That the employe has an obligation to look for available employment.
>
> (iii) That proof of available employment opportunities may jeopardize the employe's right to receipt of ongoing benefits.
>
> (iv) That the employe has the right to consult with an attorney in order to obtain evidence to challenge the insurer's contentions.

77 P.S. § 512(3). The "prescribed form" is the LIBC–757 "notice of ability to return to work" form. *See S. Hills Health Sys. v. Workers' Comp. Appeal Bd. (Kiefer),* 806 A.2d 962 (Pa.Cmwlth.2002).

■ Notably, this Court holds that compliance with the provisions of Section 306(b)(3) is a threshold burden an employer must satisfy to obtain a modification or suspension of a claimant's benefits. *Summit Trailer Sales v. Workers' Comp. Appeal Bd. (Weikel),* 795 A.2d 1082 (Pa. Cmwlth.2002), *overruled on other grounds by Caso v. Workers' Comp. Appeal Bd. (Sch. Dist. of Phila.),* 576 Pa. 287, 839 A.2d 219 (2003).

Contrary to Employer's assertion, our decision in *Hoover* is controlling. There, a claimant filed a claim petition seeking benefits for, among other things, a back injury. During litigation of the claim petition, the employer offered the claimant a sedentary position. The WCJ granted the claim petition for a closed period and suspended benefits as of the date of the job offer. The Board affirmed. On appeal, we reversed, holding, in the context of a claim petition, when an employer seeks a suspension based on a job offer, it must establish it issued a notice of ability to return to work as required by Section 306(b)(3) to obtain a suspension. Because the employer failed to establish compliance with this statutory requirement, we reversed the Board's suspension order.

Here, as in *Hoover,* Employer did not prove it issued a notice of ability to return to work as required by Section 306(b)(3). Therefore, we discern no error from the Board's decision to reverse the suspension of benefits based on *Hoover.*

Nevertheless, relying on *Burrell v. Workers' Comp. Appeal Bd. (Phila. Gas Works & Compservices Inc.),* 849 A.2d 1282 (Pa.Cmwlth.2004), Employer asserts it was not required to issue the notice because Claimant admitted the position offered was "pretty easy work," and he, in fact, reported for work. *Burrell* is distinguishable. There, an employer sought to modify benefits based on expert vocational testimony and surveillance evidence that depicted the claimant performing work for another employer while receiving benefits.

We held the employer was not required to comply with Section 306(b)(3) because it sought modification based on surveillance evidence and expert vocational testimony rather than new medical evidence. In addition, we stated the notice was not required because, at the time the employer sought modification, the claimant already returned to work for another employer.

Here, unlike in *Burrell*, Employer sought a suspension based on new medical information, not surveillance evidence and expert vocational testimony. Further, unlike the *Burrell* claimant, Claimant was not already working at the time Employer sought the suspension.

As a final issue, Employer contends the Board violated its right to due process by requiring it to prove it issued the notice since Claimant bore the burden of proving disability to prevail on his claim petition. This argument lacks merit. Employer sought a suspension of benefits based on a light duty job offer within Claimant's medical restrictions. Under these circumstances, Section 306(b)(3) clearly requires Employer to issue a notice of ability to return to work based on its receipt of new medical evidence. As such, the Board properly determined the burden of establishing compliance with this statutory requirement rests with Employer. *Summit Trailer Sales; Hoover.*

Based on the foregoing, we affirm.[5]

Judge LEADBETTER dissents.

---

[5]. Employer also asserts the Board's decision here is inconsistent with its prior decision in *Burkey v. Silver Spring Township*, 15 PAWCLR 1010 (WCAB A98–2630, filed July 17, 2000). We disagree. In *Burkey*, the Board held an employer was not required to submit into evidence the notice of ability to return to work form in order to obtain a suspension of benefits. There, however, although the employer did not submit the form into evidence, its vocational expert testified he provided the claimant with the form, and the claimant admitted receiving the notice.

Here, unlike in *Burkey*, there is no evidence to indicate Employer provided Claimant the required notice, and Claimant did not acknowledge receiving the notice. Therefore, the Board's decision in *Burkey* is not inconsistent with its decision here.

## ORDER

AND NOW, this 16th day of May, 2005, the order of the Workers' Compensation Appeal Board is **AFFIRMED**.