**Carolyn ASHMAN, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (HELP MATES, INC. and State Workers' Insurance Fund), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 30, 2009.
Decided Jan. 11, 2010.

---

Stephen A. Schneider, Harrisburg, for petitioner.

Laverne M. Kovacs, Altoona, for respondents.

BEFORE: McGINLEY, Judge, and BUTLER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge McGINLEY.

Carolyn Ashman (Claimant) petitions for review from the order of the Workers' Compensation Appeal Board (Board) that affirmed the order of the Workers' Compensation Judge (WCJ), Decision of November 29, 2007, that concluded Claimant sustained an injury to her back while in the course of her employment, awarded total disability benefits beginning June 26, 2006, and modified the benefits to a partial rate as of July 5, 2006, after finding Help Mates, Inc. (Employer) made light duty work available.

Claimant was employed by Employer as a Home Health Aide. Claimant petitioned for workers' compensation benefits on July 26, 2006. Claimant alleged she sustained a lumbar sprain with radiculitis on June 21, 2006, while in the course and scope of her employment. Claimant requested total disability benefits from June 26, 2006, through July 5, 2006, and ongoing partial

disability benefits from July 6, 2006, through to the present and ongoing. Claimant also sought the payment of medical bills, litigation costs and attorney's fees. On July 27, 2006, Claimant also filed a Penalty Petition and alleged that Employer failed to properly investigate her claim under the provisions of the Workers' Compensation Act[1]. Claimant also requested attorney's fees for unreasonable contest.

Claimant testified before the WCJ that on June 26, 2006, she notified her supervisor, Pamela Wise (Ms. Wise), that she sustained an injury in the course of her employment on June 21, 2006. Notes of Testimony (N.T.), August 30, 2006, at 9; Reproduced Record (R.R.) at 106a. Claimant then began treatment with the Employer's panel physician, who released Claimant to return to sedentary duty as of July 5, 2006. N.T., at 16; R.R. at 108a.

In the proceedings before the WCJ, Claimant presented the deposition testimony of two treating physicians, Christopher McClellan, D.O. (Dr. McClellan), and James Burke, M.D. (Dr. Burke). Dr. McClellan, a general orthopedic surgeon, is licensed to practice medicine in the Commonwealth of Pennsylvania. At the time of his deposition, Dr. McClellan was not yet Board Certified in any field but planned to complete his final Board examination on January 12, 2007. Dr. Burke practices general neurosurgery and is licensed to practice medicine in the Commonwealth of Pennsylvania. At the time of his deposition, Dr. Burke was Board eligible, but was waiting for the Board to schedule his oral Boards to be certified in neurological surgery.

Dr. McClellan testified that he first evaluated the Claimant on July 18, 2006. The Claimant's "complaints were of significant pain in her lower extremities with more pain in her low back." Deposition of Christopher S. McClellan, D.O. (Dr. McClellan Deposition), December 4, 2006, at 14; R.R. at 77a. Dr. McClellan released Claimant to return to work, restricted her to lifting no more than ten to twenty pounds, and recommended she work only a four hour shift. Dr. McClellan Deposition at 22; R.R. at 85a. When Dr. McClellan evaluated Claimant a second time on August 9, 2006, his examination revealed no change and he did not change his light-duty restrictions. Dr. McClellan Deposition at 22; R.R. 85a.

Dr. Burke evaluated Claimant on October 30, 2006, and December 5, 2006. Given the Claimant's level of discomfort, the Claimant was placed off work prior to her return on December 5. Deposition of James Paul Burke, M.D. (Dr. Burke Deposition), March 29, 2007, at 16; R.R. at 159a. Dr. Burke opined that the Claimant was able to perform the light duty work made available to her by the Employer. Dr. Burke Deposition at 21; R.R. at 164a.

Ms. Wise testified at a hearing on December 13, 2006. Claimant reported the June 21, 2006, work injury to her and completed an accident report. Ms. Wise directed Claimant to treat with Dr. Jason Rowles (Dr. Rowles), a panel physician. Notes of Testimony, December 13, 2006, (N.T. 12/13/06) at 11; R.R. at 106a. Dr. Rowles completed a "Medical Injury Report Form" and authorized Claimant to return to work, "five days later" with "sedentary only restrictions." Medical Injury Report Form at 1; R.R. at 4a. As a result of receiving this report, Employer made available sedentary duty basic office work that Claimant began on July 6, 2006, at a rate of $6.00 per hour. N.T. 12/13/06 at 11; R.R. at 106a. Ms. Wise recalled that

---

1. Act of June 2, 1915, P.L. 736 *as amended,* 77 P.S. §§ 1–104.4, 2501–2708.

on two occasions when Claimant was asked to do filing she experienced pain. Employer's Human Resource Department advised Ms. Wise to send Claimant home on those occasions when she was in pain. N.T. 12/13/06 at 35; R.R. at 130a.

Subsequently, Dr. Rowles released Claimant to perform duties in addition to sedentary work in July and August, 2006. N.T. 12/13/06 at 13; R.R. at 108a. Ms. Wise testified that Claimant was restricted from lifting more than twenty pounds and indicated that Employer was able to accommodate that restriction. N.T. 12/13/06 at 13; R.R. at 108a. As of August 22, 2006, Claimant stopped performing the light duty work because Claimant provided a note from her primary care physician that recommended she be taken off work.[2] Note from Shannon Fegan, August 22, 2006, at 1; R.R. at 123a.

Employer also presented the deposition testimony of Vincent F. Morgan, M.D. (Dr. Morgan), who evaluated Claimant on October 24, 2006. Dr. Morgan is licensed to practice medicine in the Commonwealth of Pennsylvania and is Board Certified in Physical Medicine and Rehabilitation. Deposition of Vincent F. Morgan, M.D. (Dr. Morgan Deposition), June 4, 2007, at 7; R.R. at 196a. Dr. Morgan diagnosed Claimant with a lumbar strain with left lower extremity radiculitis without evidence of radiculopathy. Dr. Morgan Deposition at 20; R.R. at 209a. Dr. Morgan explained that, in his opinion, it was unusual for an individual who has had back surgery to delay treatment of an acute back strain for four days. Dr. Morgan Deposition at 21; R.R. at 210a. Accordingly, Dr. Morgan was unable to relate his diagnosis to Claimant's June 21, 2006,

work incident. Dr. Morgan Deposition at 21; R.R. at 210a. Dr. Morgan opined that Claimant was capable of performing light duty work that involved lifting less than twenty pounds. Dr. Morgan Deposition at 24; R.R. at 213a.

By decision and Order circulated on November 29, 2007, the WCJ granted the Claim Petition but dismissed the Penalty Petition. The WCJ concluded that Claimant sustained a lumbar sprain with radiculitis while in the course of her employment on June 21, 2006, and awarded total disability benefits beginning June 26, 2006. The WCJ modified the benefits to a partial rate as of July 5, 2006, and concluded that Employer made light duty work available to Claimant. The WCJ made the following relevant findings of fact:

> 44. I accept the Claimant's testimony relating her symptoms to the June 21, 2006 incident, but the testimony of Claimant regarding the severity of her subjective complaints is not credible. Based on the record as a whole, the Claimant's assertion that she could not assist clients who are ambulatory appears to be an afterthought and furthermore is inconsistent with the testimony of all of the physicians as to the Claimant's limitations.

> 45. The testimony of Pam Wise is credible. Her testimony demonstrates the Employer contacted Dr. Rowles for his release prior to assigning any new duties to the Claimant. The duties assigned are productive tasks and within the restrictions of Dr. McClellan as well as Dr. Burke's restrictions. Accordingly, I accept Ms. Wise' testimony that the Employer was willing and able to pro-

---

2. Claimant was treated at Mount Union Medical Center on August 22, 2006. Physician's Assistant Shannon Fegan issued a prescription slip taking the Claimant off work until evaluated by a neurosurgeon. The WCJ made no credibility finding regarding this prescription slip and the Employer did not object to the admission of the medical excuse.

vide employment within the Claimant's restrictions on and after July 5, 2006. 46. The findings and opinions of Dr. McClellan are credible and persuasive. Dr. McClellan's opinion the Claimant could perform light duty work through August 9, 2006 is consistent with the testimony of all of the physicians in this case.

47. The findings and opinions of Dr. Morgan are more credible than the findings and opinions of Dr. Burke, in part. I accept Dr. Burke's diagnosis and recommendations with the exception of the off-duty restriction Dr. Burke issued on October 30, 2006. Dr. Morgan's findings on October 24, 2006 of symptom magnification are credible and internally consistent. Accordingly, I accept Dr. Morgan's opinion that on and after October 24, 2006 the Claimant could continue to perform the light-duty work made available by the Employer on and after July 5, 2006.

WCJ's Decision, November 29, 2007, Findings of Fact, Nos. 44–49 at 5.[3]

Claimant appealed that decision to the Board.[4]

By Order dated September 3, 2008, the Board remanded the case on the basis that the Employer's contest of the case was initially unreasonable until such time as it received the October 24, 2006, report from Dr. Morgan. The Board found that an award of penalties was appropriate because Employer failed to perform any investigation following its issuance of the notice of compensation denial. The Board concluded that the WCJ ignored Ms. Wise's acknowledgement that she failed to follow the procedures set forth by the Act while handling the initial treatment of Claimant's work-related injury and her requirement to treat with a panel physician. The Board reversed the WCJ's decision insofar as he concluded that the Employer's contest was at all times reasonable. The purpose for the remand was for the WCJ to make an appropriate award of quantum meruit attorney's fees.[5]

On January 27, 2009, the matter was remanded back to the WCJ. On April 16, 2009, the WCJ issued a Decision on remand. He awarded Claimant a penalty in the amount of twenty percent of workers' compensation benefits payable from June 21, 2006, through October 23, 2006, plus unreasonable contest attorney's fees.

On May 6, 2009, Claimant appealed the WCJ's April 16, 2009, Decision to the Board. On June 6, 2009, Claimant filed, with the Board, a motion to make the September 3, 2008, Opinion of the Board a Final Order.

On July 7, 2009, the Board issued an Opinion and Order that affirmed the April 16, 2009, Decision and Order of the WCJ and made final the Board's previous Decision of September 3, 2008. Claimant petitioned for review of the Board's September 3, 2008, and July 7, 2009, Decisions

3. The WCJ further concluded that Claimant failed to meet her burden to prove that the Employer violated the Act and, accordingly, dismissed the Penalty Petition.

4. In January of 2008, Claimant also filed a Penalty Petition alleging that Employer unilaterally reduced Claimant's temporary partial disability benefits which had been awarded by the WCJ in the November 29, 2007, Decision and Order. On May 15, 2008, the WCJ granted this Penalty Petition and awarded a twenty percent penalty on past due benefits and further awarded unreasonable contest attorney's fees.

5. On October 2, 2008, Claimant petitioned this Court regarding the Board's September 3, 2008, Decision, and by "Order" issued on October 28, 2008, this Court quashed the Petition for Review as premature.

and Orders, which affirmed the WCJ's Decision of November 29, 2007.

Claimant contends that the WCJ committed an error of law when he modified Claimant's benefits based on Claimant's temporary return to "modified duty" when no "Notice of Ability to Return to Work" was provided to Claimant or entered into evidence.[6]

Claimant argues that the WCJ erred when he found that Employer was entitled to a modification of her benefits as of July 5, 2006, because Employer failed to issue a "Notice of Ability to Return to Work" in each instance where her restrictions were modified. The Notice is a form prescribed by the Bureau so that employers will comply with the provisions of Section 306(b)(3) of the Act, 77 P.S. § 512(3), which requires the insurer, after receiving medical evidence that the claimant is able to return to work in any capacity, to provide prompt written notice which states: (i) The nature of the employee's physical condition or change of condition; (ii) That the employee has an obligation to look for available employment; (iii) That proof of available employment opportunities may jeopardize the employee's right to receipt of ongoing benefits; and (iv) That the employee has the right to consult with an attorney and to obtain evidence to challenge the employer's contentions.

■ Claimant contends that the issuance of a "Notice of Ability to Return to Work" is a threshold burden for a modification of a claimant's benefits and because Employer failed to offer any evidence that it met this burden, the WCJ's modification of her benefits was improper. However, upon being released to sedentary duty by the panel physician, Claimant returned to

work beginning on July 5, 2006, in the absence of such notice and continued performing light duty work through August 22, 2006. The purpose of the notice requirement is to require the employer to share new medical information about a claimant's physical capacity to work and its possible impact on existing benefits. And, formal notice is not required where a claimant is actually performing work. *Burrell v. Workers' Compensation Appeal Board (Philadelphia Gas Works)*, 849 A.2d 1282 (Pa.Cmwlth.2004). Claimant acknowledged that she returned to work performing sedentary duty and was physically capable of working in that capacity. Furthermore, testimony provided by Dr. Morgan, Dr. McClellan and Dr. Burke suggested that the Claimant's restrictions remained fairly consistent for this period of approximately seven weeks. Therefore, requiring Employer to issue a "Notice of Ability to Return to Work" for minor changes in Claimant's restrictions would be superfluous considering she was working. *See Burrell.*

■ Given the circumstances surrounding Claimant's return to work, the Board determined that it was unnecessary for Employer to issue a "Notice of Ability to Return to Work" each time Claimant's restrictions were slightly modified. Claimant returned to the sedentary duty position provided to her by Employer in conformance with her restrictions and continued to work in that capacity until August 22, 2006. Additionally, because the WCJ found that Claimant was able to work in a sedentary capacity beyond August 22, 2006, it was not error to order that her benefits remain modified from July 5, 2006, and ongoing. The Board

---

**6.** This Court's review is limited to a determination of whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Vinglinsky v. Workmen's Compensation Appeal Board (Penn Installation)*, 139 Pa.Cmwlth. 15, 589 A.2d 291 (1991).

properly rejected Claimant's argument in this regard.[7]

Claimant also argues that the WCJ erroneously found that the sedentary duty job Employer offered her was within her restrictions and, therefore, it was error to modify her benefits. Dr. Morgan, Dr. McClellan and Dr. Burke all opined that Claimant was capable of performing the sedentary work with a lifting restriction of no more than twenty pounds. The testimony of Ms. Wise described the light duty work offered by Employer that fit within these restrictions. It was within the WCJ's authority to accept the testimony of Ms. Wise and the doctors as credible. The WCJ, as the ultimate finder of fact in workers' compensation cases, has exclusive province over questions of credibility and evidentiary weight, and is free to accept or reject the testimony of any witness, including a medical witness, *in whole or in part. General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki),* 140 Pa.Cmwlth. 461, 593 A.2d 921, *petition for allowance of appeal denied,* 529 Pa. 626, 600 A.2d 541 (1991). This Court will not disturb a WCJ's finding when those findings are supported by substantial evidence. *Nevin Trucking v. Workmen's Compensation Appeal Board (Murdock),* 667 A.2d 262 (Pa.Cmwlth.1995). The finding that Claimant was capable of performing modified duty was supported by substantial evidence and Employer was entitled to a modification of her benefits.

Accordingly, this Court affirms.

### ORDER

AND NOW, this 11th day of January, 2010, the Order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.

---

7. In her brief, Claimant relies heavily on *Hoover v. Workers' Compensation Appeal Board (Harris Masonry, Inc.),* 783 A.2d 886 (Pa. Cmwlth.2001), in support of her position that the WCJ erred in modifying her benefits based on the absence of a "Notice of Ability to Return to Work." The facts of *Hoover* are distinguishable from the facts in the present case in that the claimant in *Hoover* did not return to work as Claimant in the present case did.